==========================================================

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

NO.   13-4309

UNITED STATES OF AMERICA,

Appellee,

vs.

GERARD ONEIL WELLS,
a/k/a J

Appellant.


BRIEF OF APPELLEE


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION


WILLIAM N. NETTLES
UNITED STATES ATTORNEY

ROBERT F. DALEY, JR.
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
ATTORNEYS FOR APPELLEE


==========================================================

<u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................1

STATEMENT OF THE CASE..............................................................................1

SUMMARY OF THE ARGUMENTS ..................................................................11

ARGUMENTS ....................................................................................................12

     I.    Appellant's appeal must be dismissed because he waived his right to
         appeal his sentence .................................................................... ......12

          A. Standard of Review ............................................... ......12
          B. Analysis ................................................................... ......12

     II.   The district court did not plainly err in imposing the mandatory
         minimum sentence of ten years for appellant's conviction for pwid
         crack cocaine when appellant failed to raise any eighth amendment
         proportionality attack and the court had a basis to upwardly depart
         from  the mandatory minimum because of appellant's frivolous
         objection to his prior drug felony conviction............................... ......18

          A. Standard of Review ............................................... ......18
          B. Analysis ................................................................. ......19

CONCLUSION...................................................................................................25

STATEMENT WITH RESPECT TO ORAL ARGUMENT ..................................25

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

CASES                                                                    PAGE

Burgess v. United States,
   ___ U.S. ___, 128 S.Ct. 1572 (2008)....................................................9

Doe v. Chao,
   511 F.3d 461 (4th Cir. 2007) .............................................................21

Dorsey v. United States,
   132 S.Ct. 2321 (2012)........................................................ 2, 6, 7, 8, 15

Harmelin v. Michigan,
   501 U.S. 957 –96, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) ..............22

United States v. Aramony,
   166 F.3d 655 (4th Cir. 1999) .............................................................20

United States v. Arellano-Garcia,
   503 Fed.Appx. 300 (6th Cir. 2012)....................................................23

United States v. Attar,
   38 F.3d 727 (4th Cir. 1994) ........................................................ 13, 17

United States v. Blick,
   408 F.3d 162 (4th Cir. 2005) .............................................................13

United States v. Brewer,
   1 F.3d 1430 (4th Cir. 1993) ...............................................................18

United States v. Broughton-Jones,
   71 F.3d 1143 (4th Cir. 1995) .............................................................16

United States v. Butler,
   272 F.3d 683 (4th Cir. 2001) .............................................................19

United States v. Capps,
   716 F.3d 494 (8th Cir. 2013) .............................................................22

United States v. Cohen,
   459 F.3d 490 (4th Cir. 2006) .............................................................12

United States v. Collington,
   418 Fed. Appx. 251 (4th Cir. 2011)...................................................18

United States v. Cornelius,
   696 F.3d 1307 (10th Cir. 2012) .........................................................23

United States v. Escobar-Urrego,,
   110 F.3d 1156 (11th Cir. 1997) .........................................................20

United States v. Fiallo-Jacome,
  874 F.2d 1479 (11th Cir. 1989) ........................................................20
United States v. General,
  278 F.3d at 399 (4th Cir. 2002) .......................................................16
United States v. Glenn,
  ___ Fed.Appx. ___, 2013 WL 5567777 (4th Cir. 2013) ....................21
United States v. Hashime,
  734 F.3d 278 (4th Cir. 2013) ...........................................................21
United States v. Hill,
  30 F.3d 48 (6th Cir. 1994) ...............................................................23
United States v. Hoffman,
  710 F.3d 1228 (11th Cir. 2013) ........................................................23
United States v. James,
  109 F.3d 597 (9th Cir. 1997) ...........................................................20
United States v. Johnson,
  410 F.3d 137 (4th Cir. 2005) ...........................................................12
United States v. Jones,
  569 F.3d 569 (6th Cir. 2009) ...........................................................23
United States v. Linder,
  552 F.3d 391 (4th Cir. 2009) ...........................................................12
United States v. Malloy,
  568 F.3d 166 (4th Cir. 2009) ...........................................................21
United States v. Marin,
  961 F.2d 493 (4th Cir. 1992) ............................................... 12, 16, 17
United States v. Olano,
  507 U.S. 725 (1993)..........................................................................18
United States v. Pileggi,
  703 F.3d 675 (4th Cir. 2013) ...........................................................20
United States v. Sims,
  410 Fed.Appx. 666 (4th Cir. 2011)...................................................16
United States v. Smith,
  413 Fed.Appx. 912 (7th Cir. 2011)...................................................23
United States v. Smith,
  500 F.3d 1206 (10th Cir. 2007) ........................................................16
United States v. Strieper,
  666 F.3d 288 (4th Cir. 2012) ...........................................................18
United States v. Thornsbury,
  670 F.3d 532 (4th Cir. 2012) ................................................... 15, 16

iii

United States v. Wallace,
   22 F.3d 84 (4th Cir. 1994) ............................................................ 19, 20
United States v. Whitehead,
   849 F.2d 849 (4th Cir. 2010) ...................................................... 22
Wade v. United States,
   504 U.S. 181 –87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) ........................ 19, 20

Statutes
18 U.S.C. §§ 922(g)(1) ...............................................................................1
18 U.S.C. §2 ...............................................................................................1
18 U.S.C. §924(a)(2) ..................................................................................1
18 U.S.C. §924(c)(1) ..................................................................................2
18 U.S.C. §924(e) ......................................................................................1
21 U.S.C. § 841(a)(1) ..............................................................................1, 2
21 U.S.C. § 841(b)(1)(B) ..........................................................................21
21 U.S.C. §841(b)(1)(A) ................................................................... 1, 2, 9
21 U.S.C. §841(b)(1)(A)(iii) .....................................................................23
21 U.S.C. §846 ...........................................................................................2
21 U.S.C. §851 .......................................................... 2, 3, 5, 8, 9, 13, 15, 20
28 U.S.C. §2255 .................................................................... 3, 5, 7, 13

Rules

Fed.R.Crim.P. 11(c)(1)(C) .........................................................................17
Fed.R.Crim.P. 35(b) ............................................................................. 15, 16

Other

U.S. Const. amend. VIII ................................................................... 19,21-24

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.     WHETHER APPELLANT'S APPEAL ATTACKING HIS SENTENCE MUST BE DISMISSED BECAUSE HE WAIVED HIS RIGHT TO APPEAL HIS SENTENCE IN HIS PLEA AGREEMENT?

II.    WHETHER THE DISTRICT COURT PLAINLY ERRED IN IMPOSING THE MANDATORY MINIMUM SENTENCE OF TEN YEARS FOR APPELLANT'S CONVICTION FOR POSSESSION WITH INTENT TO DISTRIBUTE CRACK COCAINE WHEN APPELLANT FAILED TO RAISE ANY EIGHTH AMENDMENT PROPORTIONALITY ATTACK AFTER HIS ORIGINAL SENTENCING  AND AT HIS RESENTENCING?

## STATEMENT OF THE CASE

### Indictment

On April 21, 2010, a federal grand jury returned a Superseding Indictment against Appellant Gerard Oneil Wells a/k/a "J" and a co-defendant Reginald Jamaal Cates .  JA 15-22.  Wells was charged in Counts Two, Three, Five and Six. JA 16-18.  In Count Two, he was indicted for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).  JA 16.  In Count Three, Wells was charged with knowingly, intentionally and unlawfully possessing with intent to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine), in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and 18 U.S.C. §2 .  JA 16.  In Count Five, Wells was indicted for

possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. §924(c)(1).    In Count Six, Wells was charged with knowingly and intentionally conspiring to unlawfully possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A) & § 846.    JA 18.    Previously, on November 9, 2009, the Government filed an Information pursuant to 21 U.S.C. §851 informing Wells that he was subject to increased penalties based upon his prior South Carolina conviction for possession of cocaine in 2006.  JA 14.

**Plea Agreement**

On July 7, 2010, Wells signed an amended plea agreement in which he agreed to plead guilty to Counts Five and Six.  JA 23.  The plea agreement set forth the statutory mandatory minimum sentences for convictions for Counts Five (five years) and Six (twenty years)[1].  JA 24.  In the plea agreement, Wells agreed that "By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt."  JA 26 (paragraph five of plea agreement).

---

[1] Twenty years was the mandatory minimum prior to the Fair Sentencing Act of 2010 and the Supreme Court's decision in <u>Dorsey v. United States</u>., ___ U.S. ___, 132 S.Ct. 2321 (2012).

Importantly, Wells also stipulated and agreed that he had "one prior felony drug conviction that has become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. §851, which subjects him to enhanced penalties." JA 28-9 (paragraph eleven of plea agreement). Wells agreed "to not contest the Information . . . filed pursuant to 21 U.S.C. §851." JA 29 (paragraph eleven). The parties agreed that if Wells cooperated with the Government and his "cooperation [was] deemed by the Government as providing substantial assistance in the investigation or prosecution of another person" the Government agreed "to withdraw at sentencing the enhancement contained in the Information previously filed pursuant to 21 U.S.C. §851, resulting in a statutory minimum sentence of 10 years rather than 20 years as to Count 6." JA 29 (paragraph 12 of plea agreement). Finally, Wells agreed to waive "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including proceedings under 28 U.S.C. §2255." JA 31(paragraph sixteen).

### Guilty Plea Hearing

On July 9, 2010, Wells pled guilty before United States District Judge Joseph F. Anderson, Jr. SJA 1-61. Judge Anderson conducted a thorough and complete colloquy to determine that Wells's guilty plea was knowing and voluntary. The district court confirmed with Wells that he wished to plead guilty

to Counts Five and Six of the Indictment.  SJA 4-5.  The court then had Wells swear that he would tell the truth in the proceedings and informed Wells that by taking the oath Wells was "promising to tell the truth" and that if he was not truthful he "could be charged in this court with perjury."  SJA 7.  The district court questioned Wells concerning his competency.  Wells informed the court that he (1) was twenty-four years old, (2) had completed twelfth grade, (3) was not currently under the influence of any drugs or alcohol, and (4) had never been treated for mental illness or narcotics addiction.  SJA 9.  Wells's trial counsel informed the court that he had no questions or concerns regarding the competency of Wells.  SJA 9-10.  The trial court found Wells competent.  SJA 11.

Wells told the district court that he had ample opportunity to discuss his case with his attorney.  SJA 12.  He also agreed that he was satisfied with his attorney's representation and that his attorney had done everything Wells had asked him to do.  SJA 13.  Wells told the court that he understood that he had the right to trial by jury and that he had numerous rights which he was giving up by pleading guilty.  SJA 14-17.  The court then went over the charges to which Wells was pleading guilty.  SJA 17-18, 24-29.  In particular, the court went over Count Six—conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base—and informed Wells that he faced a mandatory minimum sentence

4

of twenty years on that charge. SJA 26-29. The court found that Wells understood the charges he was pleading guilty to and the minimum and maximum sentences he faced. SJA 30.

Wells told the court that no one had threatened or forced him to plead guilty. SJA 35. Wells agreed that he was pleading guilty of his own free will because he was guilty. SJA 35-36. The Assistant U.S. Attorney then summarized the plea agreement. SJA 49-52. Included in this summary were descriptions of the provisions that: (1) Wells acknowledged that he had one prior drug felony and that he had received notice of the Information pursuant to 21 U.S.C. §851 and (2) Wells was waiving direct appeal and §2255 rights. Wells agreed that the plea agreement had been correctly summarized by the Assistant U.S. Attorney. SJA 52. The factual basis for the plea was then given by the investigating agent, including the fact that Wells was arrested with "116 grams of crack cocaine and a loaded Iberia .40 caliber handgun" recovered "from the front passenger area where Mr. Wells was seated during" a controlled buy of crack cocaine. SJA 53-54. The crack was later "weighed out to be a lab weight of 78.48 grams of cocaine base." SJA 54. The district court found that Wells's guilty plea was knowing and voluntary and that there was a sufficient factual basis for his plea. SJA 58. Accordingly, the court accepted his guilty plea and adjudged him guilty. Id.

### First Sentencing

After the completion of a Presentence Investigation Report ("PSR"), the district court sentenced Wells on December 28, 2010. JA 10 (Docket entry 138). Wells was sentenced to the mandatory minimum sentences 240 months imprisonment on Count Six and 60 months imprisonment consecutive on Count Five. Judgment was entered on December 29, 2010. JA 10 (Docket entry 139); JA 34-38. Wells did not appeal his sentence or his conviction.

### The Fair Sentencing Act of 2010 and the Dorsey decision

In 2010, Congress enacted a new statute reducing the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1. Fair Sentencing Act ("FSA"), 124 Stat. 2372. The new statute took effect on August 3, 2010. The Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum. On June 21, 2012, the United States Supreme Court decided Dorsey v. United States, 132 S.Ct. 2321 (2012) in which the Court ruled that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Id. at 2335.

6

**<u>Resentencing</u>**

On December 12, 2012, Wells filed a motion for a reduced sentence.  JA 39-42.  This motion requested that the court "apply the Fair Sentencing Act of 2010."  JA 42.  The Government filed a response to the motion on January 24, 2013 in which it conceded that in light of <u>Dorsey</u>, Wells should have been sentenced pursuant to the FSA because he was sentenced after the effective date of the FSA.  JA 11 (Docket entry 192).  The Government did not object to Wells being sentenced to the new statutory mandatory minimum of ten years on Count Six.  <u>See</u> JA 105.

On April 8, 2013, the district court held a hearing.  JA 44-59.  At the hearing, the district court proposed that the motion be converted into a motion pursuant to 28 U.S.C. §2255.  The parties agreed.  JA 45.  The Government informed the court that it had no objection to resentencing Wells.  Therefore, the district court granted the motion and proceeded to resentence Wells pursuant to the provisions of the FSA made applicable to him by the <u>Dorsey</u> decision.

The revised PSR, prepared in anticipation of Wells being resentenced pursuant to the new mandatory minimum applicable to his crack cocaine conspiracy count, was adopted without objection.  JA 47, 105.  After both Wells and his counsel had stated that they did not object to the PSR, the Court set forth

7

what the mandatory minimums were for the counts of conviction—five years consecutive on Count Five and 10 years on Count Six.  JA 47-48.

Counsel for Wells then asked for a sentence on Count Six that was below the guidelines.  JA 49.  The court noted that the sentence was driven by the statutory mandatory minimums and asked counsel what basis the court had to go below the statutory mandatory minimums.  JA 49.  The court noted that it was sentencing Wells based upon the change in the law brought about by the Supreme Court's decision in Dorsey, which would result in a reduction in Wells's sentence by 120 months.  The only response counsel gave to the court's question was that Wells claimed that his prior drug felony "was [a] misdemeanor and that the 851 should be withdrawn because of that."  JA 51.  The district court had the plea agreement printed out to determine what the prior drug felony was.  The district court determined that the prior drug felony had been possession of cocaine.  Counsel reiterated his client's claim that the conviction was a misdemeanor.  The district court then pointed out that in paragraph eleven of the plea agreement, Wells had stipulated and agreed that he had one prior felony drug conviction (possession of cocaine) that had become final and the attorneys for the Government had filed an

8

information pursuant to §851 which subjects him to enhanced penalties.   JA 52.[2] The district court also noted that Wells stipulated and agreed the Information fulfilled the requirements of Section 851 including service and constitutes adequate notice of a prior felony drug conviction under the statute and that Wells "agrees not to contest the information that has been filed pursuant to 851." JA 52.

Counsel then informed the court that his client "maintains that he was forced to sign that plea agreement." JA 52.  The district court addressed Wells and Wells admitted that he signed the plea agreement but that he signed the plea agreement because he was afraid to go to trial.  JA 53-54.  Wells admitted that the plea agreement was not wrong when it stated that he had a prior drug felony.  JA 55. He also admitted that he had told the court at the guilty plea that he was satisfied with his attorney and that his attorney had done everything he had asked him to do. However, he claimed that his counsel forced him to sign his plea agreement.  JA 55.

The district court "reject[ed] the defendant's contentions at this time."  JA 55.   The district court found that the record revealed that Wells had freely and voluntarily pled guilty.  He had told the court under oath that he was satisfied with

---

[2] The United States Supreme Court has held the South Carolina's statute prohibiting the possession of cocaine is a "felony drug offense"  as the term is used in 21 U.S.C. §841(b)(1)(A).  See Burgess v. United States, ___ U.S. ___, 128 S.Ct. 1572 (2008).

his attorney, his attorney had done everything he asked him to do, and the plea agreement contained a stipulation regarding the prior drug felony conviction. JA 55-56. The court noted that abundant case law says that "statements made at a guilty plea hearing under oath cannot be cavalierly disregarded as a frivolous, inconsequential statement." JA 56.

The district court then imposed the sentence of "180 months. This consists of 120 months on Count Six and 60 months on Count Five to run consecutively pursuant to the statute." JA 57. The court noted that he gave the mandatory minimum sentence but that he "did give some consideration to going above the mandatory minimum because of the defendant's assertion here in court today that the 851 enhancement was not proper which directly contradicts his sworn testimony at the guilty colloquy." JA 58. The court also noted that "[i]t seems that the defendant does not show any remorse at all. Blaming it on his earlier attorney." JA 58. Although the district court "seriously considered giving [Wells] more than the 180 months, . . . in view of the fact that the mandatory minimum [was] substantially above what the guidelines would have been, I stuck to the mandatory minimum sentence in this case." JA 59.

Judgment was entered on April 10, 2013. JA 60-64. Wells filed his notice of appeal on April 22, 2013.

10

## SUMMARY OF ARGUMENTS

I.    APPELLANT'S APPEAL ATTACKING HIS SENTENCE MUST BE DISMISSED BECAUSE HE WAIVED HIS RIGHT TO APPEAL HIS SENTENCE IN HIS PLEA AGREEMENT.

II.    THE DISTRICT COURT DID NOT PLAINLY ERR IN IMPOSING THE MANDATORY MINIMUM SENTENCE OF TEN YEARS FOR APPELLANT'S CONVICTION FOR POSSESSION WITH INTENT TO DISTRIBUTE CRACK COCAINE.  APPELLANT FAILED TO RAISE ANY EIGHTH AMENDMENT PROPORTIONALITY ATTACK  AFTER HIS ORIGINAL SENTENCING AND AT HIS RESENTENCING.  THE  DISTRICT COURT HAD A BASIS TO UPWARDLY DEPART FROM THE MANDATORY MINIMUM BECAUSE OF APPELLANT'S FRIVOLOUS OBJECTION TO HIS PRIOR DRUG FELONY CONVICTION.

**ARGUMENTS**

## I.    APPELLANT'S APPEAL MUST BE DISMISSED BECAUSE HE WAIVED HIS RIGHT TO APPEAL HIS SENTENCE.

### A. STANDARD OF REVIEW

This Court reviews *de novo* the issue of whether a defendant effectively waived his appellate rights.  United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

### B. ANALYSIS

This Court generally enforces the knowing and voluntary waiver of a defendant's right to appeal. See, e.g., United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009); United States v. Cohen, 459 F.3d 490, 493-95 (4th Cir. 2006). A waiver provision will not be enforced only under certain extraordinary circumstances, such as where enforcement would result in a miscarriage of justice, United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005), or where the sentence imposed exceeds a statutory maximum or is "based on a constitutionally impermissible factor such as race." Marin, 961 F.2d at 496. The Court "will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is

within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).

There are no extraordinary circumstances here which would lead this Court to decline to apply the appeal waiver. Further, the language of the waiver clearly applies in this case. In paragraph sixteen of the written plea agreement, Wells agreed to waive "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including proceedings under 28 U.S.C. §2255." JA 31.

Before this Court can apply the waiver to bar Wells's appeal, it must conclude that under the totality of the circumstances, the waiver was knowingly and intelligently made. United States v. Blick, 408 F.3d at 169. In this case, Wells, who had a twelfth grade education, signed the plea agreement. JA 32. Further, the district court conducted a thorough plea colloquy, in which the terms of his plea agreement, including the appeal waiver, were described by the prosecutor. S.J.A. 1-61. The Assistant U.S. Attorney summarized the plea agreement. SJA 49-52. Included in this summary were descriptions of the provisions that: (1) Wells acknowledged that he had one prior drug felony and that he had received notice of the Information pursuant to 21 U.S.C. §851 and (2) Wells was waiving certain direct appeal and §2255 rights. SJA 52. Wells agreed that the plea agreement had

been correctly summarized by the Assistant U.S. Attorney.  SJA 52.  The district court found that Wells's guilty plea was knowing and voluntary, accepted his guilty plea and adjudged him guilty.  Id.  Wells knowingly, intelligently, and voluntarily waived his right to appeal.

At the sentencing in April 2013 the revised PSR, prepared in anticipation of Wells being resentenced pursuant to the new mandatory minimum applicable to his crack cocaine conspiracy count, was adopted without objection.  JA 47, 105. After both Wells and his counsel had stated that they did not object to the PSR, the Court set forth what the mandatory minimums were for the counts of conviction— five years consecutive on Count Five and 10 years on Count Six.  JA 47-48.  Wells did not and does not contest that he is subject to the mandatory minimum. Accordingly, Wells's waiver of his right to appeal applies to this sentence.

Wells now claims that his appeal waiver should not foreclose his appeal because (1) he "was not informed during his plea colloquy what his sentence was going to be" and (2) "the right to be sentenced accurately could not be waived prior to the imposition of sentence."  See Appellant Brief at pp. 9-10.  This argument must fail.  Wells's argument would render virtually all appeal waivers invalid since nearly all plea agreements (other than those entered pursuant to Fed.R.Crim.P. 11(c)(1)(C)) explicitly note that sentencing is in the discretion of the district court

and that sentencing will be imposed only after the court considers the Sentencing Guidelines and mandatory minimums. See e.g., JA 25-26(paragraph 4 of plea agreement). Additionally, most plea agreements note that any predictions of possible sentences are not binding on the parties or the court. Id.

In this case, however, Wells cannot complain that he did not have a very specific idea that he would receive the sentence that he eventually received. The plea agreement stated the mandatory minimum sentences he faced for counts Five and Six. JA 24 (paragraph 1 of plea agreement); see also JA 29 (paragraph 12 noted that Wells could potentially receive a mandatory minimum of 10 years if §851 enhancement were withdrawn based on substantial assistance). Wells cannot complain that he was caught by surprise when he initially received a sentence of 300 months in 2010 and even less so when he received a later reduced sentence of 180 months in 2013 as a result of the application of the Dorsey decision.

Additionally, this Court has faced similar arguments that Wells now makes and has rejected them as a basis to not enforce an appeal waiver. In United States v. Thornsbury, 670 F.3d 532 (4th Cir. 2012), a case in which a district court denied a government motion to reduce a sentence pursuant to Rule 35(b), the defendant claimed that his appeal waiver did not preclude his appeal from the denial of the Rule 35 motion because appeals "that challenge a sentence imposed in violation of

law are categorically 'outside otherwise valid appeal waivers.'" <u>Id.</u> at 537. The

defendant in <u>Thornsbury</u> argued that this Court had previously held that appeals

challenging a sentence as "illegal" fall outside the scope of an otherwise effective

appeal waiver and that he was arguing that the district court had denied the Rule

35(b) motion based upon improper factors, resulting in an "illegal" sentence. <u>Id.</u> at

539. This Court rejected the argument:

> We have indeed used the term "illegal" to describe sentences the
> appeal of which survive an appellate waiver, but we have done so only
> where the sentence is alleged to have been beyond the authority of the
> district court to impose. <u>See</u> <u>United States v. Broughton-Jones</u>, 71 F.3d
> 1143, 1147 (4th Cir. 1995) (using term "illegal" to describe a district court's
> imposition of restitution in the absence of authority to do so); <u>United States
> v. Sims</u>, 410 Fed.Appx. 666, 669–70 (4th Cir. 2011) (unpublished) (using
> the term "illegal" in allowing an appeal challenging the authority of the
> district court to order sex offender registration). In contrast, sentences
> "imposed in violation of law" include not only "illegal" sentences, as just
> described, but also any sentence that has been touched by a legal error. In
> other words, not every appeal alleging a legal error in sentencing challenges
> that sentence as "illegal," as we have used the term in our precedent. Were
> we to hold otherwise, it is difficult to conceive of a limiting principle that
> would prevent the "illegal" sentence exception from swallowing the rule that
> appellate waivers are normally given effect, since nearly every appeal of a
> sentence involves a claim of legal error. <u>See</u> <u>United States v. Smith</u>, 500
> F.3d 1206, 1213 (10th Cir. 2007) ("To allow alleged errors in computing a
> defendant's sentence to render a waiver unlawful would nullify the waiver
> based on the very sort of claim it was intended to waive."). Such a holding
> would also be contrary to precedent. <u>See</u> <u>e.g.</u>, <u>United States v. General</u>, 278
> F.3d at 399–400 (4th Cir. 2002)(enforcing waiver and dismissing challenge
> to sentences based on numerous errors); <u>United States v. Marin</u>, 961 F.2d
> 493, 496 (4th Cir. 1992) (enforcing waiver and dismissing appeal resting on
> complaints of "an improper application of the guidelines and a violation of a
> procedural rule").

We instead view challenges to a sentence as "illegal" as those involving much more fundamental issues—such as challenges claiming a district court exceeded its authority, claiming that a sentence was based on a constitutionally impermissible factor such as race, or claiming a post-plea violation of the right to counsel. See Marin, 961 F.2d at 496 (noting the first two possibilities); [United States v.]Attar, 38 F.3d [727,] 732–33 [(4th Cir. 1994)] (noting the last possibility). Thornsbury does not allege any such circumstances. Accordingly, we conclude that we must give Thornsbury's waiver effect and dismiss his appeal.

Thornsbury, 670 F.3d at 539-40 (footnote omitted).

In this case, Wells does not challenge his sentence by claiming that it is illegal. He does not claim the district court exceeded its authority, or that his sentence was based on a constitutionally impermissible factor such as race, or any post-plea violation of the right to counsel. Instead, Wells attempts to make a late Eighth Amendment attack on his sentence. The United States bargained in the plea agreement for a significant benefit - to be relieved of the time and expense of certain appellate litigation. If defendants such as Wells are permitted to appeal, then the plain waiver language in paragraph 16 of the plea agreement would be without effect, and the United States would be unfairly deprived of a significant benefit for which it bargained. Accordingly, the Court should enforce the waiver and decline to consider Wells's appeal.

II.     **THE DISTRICT COURT DID NOT PLAINLY ERR IN IMPOSING THE MANDATORY MINIMUM SENTENCE OF TEN YEARS FOR APPELLANT'S CONVICTION FOR PWID CRACK COCAINE WHEN APPELLANT FAILED TO RAISE ANY EIGHTH AMENDMENT PROPORTIONALITY ATTACK AFTER HIS FIRST SENTENCING IN 2010 OR AT THE SENTENCING IN 2013.  ADDITIONALLY, THE COURT HAD A BASIS TO UPWARDLY DEPART FROM THE MANDATORY MINIMUM BECAUSE OF APPELLANT'S FRIVOLOUS OBJECTION TO HIS PRIOR DRUG FELONY CONVICTION BUT DECLINED TO DO SO.**

### A. STANDARD OF REVIEW

Because Wells failed to raise this issue in the district court, the plain error standard applies.  See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Collington, 418 Fed. Appx. 251, 253 (4th Cir. 2011). For there to be plain error, there must be an "error," that is "plain," that affects "substantial rights," and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 732; United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993). Moreover, in an instance such as this case, where a novel theory has been rejected by other courts and not passed upon by the Fourth Circuit, plain error cannot be found. See United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012) ("where we have yet to speak directly on a legal issue and other circuits are

split, a district court does not commit plain error by following the reasoning of

another circuit").

## B. ANALYSIS

Wells argues that the district court erred by "disregarding the Guideline

sentence and look[ing] only to the statutory sentence." Appellat's Brief, at p. 13.

Wells argues that the district court should have made "full use of the court's

powers to invalidate improper sentences" and "consider the proportionality

requirement of the Eighth Amendment"    Appellant's Brief, at pp. 13, 17. This

argument fails for several reasons.[3]

---

[3] Wells also argues that the district court should have made "an inquiry as to why the 851 Information was not being withdrawn by the government as provided by the terms of the Amended Plea Agreement." Appellant's Brief, at p. 14. Wells failed to raise this issue before the district court. Any review would be for plain error. In making this argument, Wells overlooks the fact that the Information was only to be withdrawn if Wells cooperation was "deemed by the Government as providing substantial assistance in the investigation or prosecution of another person." JA 29 (paragraph 12 of plea agreement). The Government determined that Wells's cooperation never reached this level. Wells also fails to recognize that the government generally has sole discretion to determine whether to file a substantial assistance motion. See United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). According to this Circuit's well-settled precedent, a district court lacks the authority to review a prosecutor's failure to file a substantial assistance motion, or to grant a departure for such assistance in the absence of a motion, unless (1) the motion is required by an express provision of the plea agreement, or (2) the prosecutor's refusal is based on an unconstitutional motive or not rationally related to any legitimate government end. See Wade v. United States, 504 U.S. 181, 186–87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). If the defendant, like Wells, fails to make "'a substantial

First, it is barred by the law of the case doctrine. In this circuit, the law of the case doctrine "forecloses litigation of issues . . . foregone on appeal or otherwise waived." <u>United States v. Pileggi</u>, 703 F.3d 675, 679 (4th Cir. 2013) (internal quotation marks omitted). "Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes law of the case for future stages in the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." <u>United States v. Escobar-Urrego</u>, 110 F.3d 1156, 1160 (11th Cir. 1997); <u>see also</u> <u>United States v. Aramony</u>, 166 F.3d 655, 661 (4th Cir. 1999) (noting that when a court decides a rule of law, "that decision should continue to govern the same issues in subsequent stages in the same case") (internal quotation marks omitted); <u>United States v. Fiallo-Jacome</u>, 874 F.2d 1479, 1482-83 (11th Cir. 1989) (refusing to give a defendant a second bite "at the appellate apple" on an issue that should have been raised in the first appeal); <u>United States v. James</u>, 109 F.3d 597, 599 (9th Cir. 1997) (same). "Repetitive hearings, followed by additional appeals, waste judicial resources and place

---

threshold showing'" of one of these bases, "he is 'not entitled to a remedy or even to discovery or an evidentiary hearing.'" <u>Wallace</u>, 22 F.3d at 87 (quoting <u>Wade</u>, 504 U.S. at 186, 112 S.Ct. 1840) (internal alterations omitted). For these reasons, Wells's argument that the district court should have made an inquiry as to why the §851 Information was not being withdrawn is without merit.

20

additional burdens on . . . hardworking district and appellate judges." <u>Doe v. Chao</u>, 511 F.3d 461, 465-66 (4th Cir. 2007) (internal quotation marks omitted).

After Wells was sentenced to the longer mandatory minimum sentence of twenty years on Count Five in 2010, <u>see</u> JA 34-38, he could have appealed the sentence as violative of the Eighth Amendment. Wells, however, did not appeal his sentence on this ground, or any other ground, when he had the opportunity. This Court should not allow him to do so at this late date.

Second, Wells's Eighth Amendment argument fails because Eighth Amendment proportionality review of a sentence of less than life imprisonment is either discretionary, <u>see</u> <u>United States v. Hashime</u>, 734 F.3d 278, 286-87 (4th Cir. 2013) (King, J., concurring), or does not even apply to such sentences. <u>See</u> <u>United States v. Malloy</u>, 568 F.3d 166, 180 (4th Cir. 2009). Because the district court was not requested by Wells to conduct an Eighth Amendment proportionality review, it was completely within its discretion to not conduct such a review, particularly on a relatively routine, run-of-the-mill drug sentence of only ten years. <u>See</u> <u>United States v. Glenn</u>, ___ Fed.Appx. ___, 2013 WL 5567777, at *1 n.1 (4th Cir. 2013) (noting that 21 U.S.C. § 841(b)(1)(B), "provides for a relatively lenient mandatory minimum of ten years for a defendant who possesses with intent to distribute more than 28 grams of crack, and who has at least one prior felony drug conviction).

21

Finally, the district court clearly did not commit plain error in failing to find that Wells's sentence violated the Eighth Amendment.  Wells does not cite to any case similar to his in which a court has found a violation of the Eighth Amendment.  This can be explained by the fact that the Supreme Court has emphasized that mandatory minimums do not facially violate the Eighth Amendment, and has upheld even mandatory life sentences for drug crimes. Harmelin v. Michigan, 501 U.S. 957, 994–96, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).  In fact, this Circuit has found defendants' statutory minimum sentences of 60 months based upon convictions for possessing more than 500 gram of cocaine with intent to distribute did not violate the Eighth Amendment.  See United States v. Whitehead, 849 F.2d 849, 860 (4th Cir. 2010)    Additionally, in the face of Eighth Amendment challenges, numerous circuits have upheld mandatory minimum sentences (ranging from ten years to life imprisonment) required by the federal drug laws.  See e.g., United States v. Capps, 716 F.3d 494, 498-99 (8th Cir. 2013) (mandatory life sentence for pwid 50 grams or more of methamphetamine not grossly disproportionate under Eighth Amendment, although defendant argued two prior convictions for methamphetamine offenses that resulted in his life sentence were committed only one month apart and he pled guilty to both offenses

22

on same day more than 10 years before his current offense, defendant's continued criminal conduct involving methamphetamine was type of recidivism that Congress attempted to target by statutory mandatory life sentence); United States v. Hoffman, 710 F.3d 1228, 1232 (11th Cir. 2013) (upholding mandatory life sentence based upon two prior juvenile drug convictions); United States v. Arellano-Garcia, 503 Fed.Appx. 300, 306 (6th Cir. 2012) (upholding mandatory minimum sentence of 20 years based upon one prior drug felony): United States v. Cornelius, 696 F.3d 1307, 1328 (10th Cir. 2012) (imposition of 20-year statutory mandatory minimum sentence upon defendant's conviction for conspiracy to distribute crack cocaine did not constitute cruel and unusual punishment under Eighth Amendment); United States v. Jones, 569 F.3d 569, 573 (6th Cir. 2009) (rejecting, under United States v. Hill, 30 F.3d 48, 50-51 (6th Cir. 1994), claim that ten-year mandatory minimum under § 841(b)(1)(A)(iii) for one count of possession with intent to distribute over fifty grams of cocaine base was grossly disproportionate); United States v. Smith, 413 Fed.Appx. 912 (7th Cir. 2011) (defendant's 120-month statutory mandatory minimum sentence for distributing more than five grams of crack cocaine was not grossly disproportionate to his offense, so as to constitute cruel and unusual punishment in violation of the Eighth Amendment).

23

Moreover, the district court did consider Wells's case on it individual merits and provided an individualized sentence. The district court did not simply sentence Wells to the mandatory minimum without taking into account Wells's behavior. In fact , at the sentencing the court noted that it imposed the mandatory minimum sentence but gave "some consideration to going above the mandatory minimum because of the defendant's assertion here in court today that the 851 enhancement was not proper which directly contradicts his sworn testimony at the guilty colloquy." JA 58. The court also noted that "[i]t seems that the defendant does not show any remorse at all. Blaming it on his earlier attorney." JA 58. Although the district court "seriously considered giving [Wells] more than the 180 months, . . . in view of the fact that the mandatory minimum [was] substantially above what the guidelines would have been, I stuck to the mandatory minimum sentence in this case." JA 59. This demonstrates that the district court imposed an individualized sentence.

## CONCLUSION

For all these reasons, the district court did not plainly err in failing to *sua sponte* rule that Wells's ten year sentence on Count Six was so grossly disproportionate to violate the Eighth Amendment.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By: s/Robert F. Daley, Jr.
Assistant United States Attorney
1441 Main Street,  Suite 500
Columbia, SC 29201
(803) 929-3000

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

The United States respectfully suggests that oral argument is not necessary in this case.  The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No.____13-4309_____    Caption: <u>United States v. Gerard Oneil Wells, a/k/a J</u>

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:**    Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply brief may not exceed 14,000 words or 1,300 lines.    Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines.  Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines.  Counsel may rely on the word or line count of the word processing program used to prepare the document.  The word-processing program must be set to include footnotes in the count.  Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 281(c)(2) or 32(a)(7)(B) because:

   ☒    this brief contains___6901_____[*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   ☐    this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger.  A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒    this brief has been prepared in a proportionally spaced typeface using <u>Word Perfect 15_____</u> [*identify word processing program*] in <u>Times New Roman 14</u> [*identify font size and type style*]; **or**

   ☐    this brief has been prepared in a monospaced spaced typeface using _____ [identify *word processing program*] in _____ [*identify font size and type style*].

<u>s/Robert F. Daley, Jr.</u>
Attorney for <u>United States of America</u>
Dated: <u> December 30, 2013</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 13-4309 |
| | ) | |
| Appellee, | ) | |
| v. | ) | |
| | ) | |
| GERARD ONEIL WELLS, | ) | |
| A/K/A J, | ) | |
| Appellant. | ) | CERTIFICATE OF SERVICE |

I hereby certify that on December 30, 2013, I electronically filed the attached Brief of Appellee, with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit  using the CM/ECF System.  The CM/ECF System will send notice of this electronic filing to the following user:

James Perry Craig, Esquire
CRAIG LAW FIRM
2001 Assembly Street, Suite 201
Columbia, SC 29201

s/Robert F. Daley, Jr.
Assistant U.S. Attorney
U.S. Attorney's Office
1441 Main Street, Suite 500
Columbia, SC   29201